NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

AMBER W., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, B.W., *Appellees*.

No. 1 CA-JV 13-0291
FILED 4-22-2014

---

Appeal from the Superior Court in Maricopa County
No. JD21534
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee Arizona Department of Economic Security*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Diane M. Johnsen joined.

**O R O Z C O**, Judge:

¶1   Amber W. (Mother) appeals the juvenile court's order terminating her parental rights to her daughter, B.W. (Child). For the following reasons we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   Mother gave birth to Child in February 2012. While at the hospital, Mother told nurses she took methamphetamines during her pregnancy. Mother and Child both tested negative for methamphetamines. Mother also admitted to having been diagnosed with schizoaffective and bipolar disorders, and that she was not taking her medication. Arizona Department of Economic Security (ADES) also learned Mother's three-year-old son had been placed into care after she left him in the sun while she panhandled. Consequently, ADES took Child into temporary physical custody.

¶3   ADES filed a dependency petition alleging Mother was unable to care for Child because of her untreated mental illness, substance abuse, history of child neglect, and lack of income. Mother contested the petition and requested a hearing. Before the dependency hearing, the juvenile court ordered Mother to participate in parent aide services, substance abuse treatment, urinalysis testing, and continued mental health monitoring through People of Color Network. The juvenile court also ordered ADES to provide Mother with a full-scale psychological evaluation.

¶4   Pursuant to the juvenile court's order, Mother underwent the psychological evaluation. The psychologist who conducted the evaluation diagnosed Mother with: amphetamine abuse, in partial remission; poly-substance abuse, in partial remission; a reading disorder; receptive language disorder; schizoaffective disorder by reported history; post-traumatic stress disorder; and bipolar disorder by reported history. The psychologist opined Mother was not a "parenting candidate" at that

time and, given the totality of her difficulties, there was a poor prognosis that Mother would be able to parent in the foreseeable future.

¶5        That same month, ADES referred Mother for parent aide services, urinalysis testing, counseling, and substance abuse treatment. Mother participated in parent aide services. However, Mother did not complete her TERROS intake for substance abuse treatment and missed several urinalysis tests. Based upon this evidence of non-compliance, the juvenile court found Child dependent. The case plan was set as family reunification concurrent with severance and adoption.

¶6        After the dependency hearing, Mother finally completed the intake at TERROS. Upon completion of the intake, TERROS referred Mother to its Metro Ladder Program (Ladders).[1] Mother only attended one appointment with Ladders despite being offered transportation by ADES. As a result, the referral was closed. Mother missed several counseling sessions, which caused her counseling referral to be closed, as well. Mother did, however, successfully complete her parent aide services.

¶7        Mother also participated in a psychiatric evaluation. The psychiatrist diagnosed Mother with schizoaffective disorder, history of poly-substance abuse, history of developmental learning disorders, obsessive-compulsive disorder, and traits of post-traumatic stress disorder. The psychiatrist noted Mother had a "number of psychiatric hurdles to overcome," and opined that even with therapy, substance abuse treatment and medication, Mother would be able to demonstrate only minimally-adequate parenting skills. He also reported that a child in Mother's care would likely be at risk for neglect, and that reasonable grounds existed to believe Mother's challenges would continue for a prolonged, indeterminate period of time.

¶8        At a report and review hearing, ADES moved to change the case plan to severance and adoption. The juvenile court granted the request, and ADES subsequently moved to sever Mother's parental rights pursuant to Arizona Revised Statutes (A.R.S.) sections 8-533.B.3 and 8-533.B.8(b).

---

[1]        Ladders is a program that focuses on both substance abuse and mental health issues.

¶9 At the severance hearing, it was reported that Mother had stopped participating in mandatory urinalysis testing. Mother also failed to follow through on the second referral for substance abuse treatment made in February 2013, despite several attempts by ADES to engage her in services. Moreover, Mother was not fully engaged in her case plan recommendations from People of Color.

¶10 At the hearing, Mother admitted to not currently taking her prescribed psychiatric medication because she was pregnant and because medication does not "work" for her. Mother also testified she would "probably" begin taking medication again after her pregnancy. Mother also admitted a long history of mental health issues dating back to childhood.

¶11 An ADES case manager testified that despite diligent efforts made by ADES to provide Mother with appropriate reunification services, Mother failed to fully engage or otherwise participate in those services and, as a result, had not remedied the circumstances that caused Child to be in an out-of-home placement. The case manager also opined severance was in Child's best interests because Child was thriving in her current family placement, her current placement was the least restrictive, and was meeting her needs. The case manager also reported Child's current placement wanted to adopt Child and adoption would provide Child with stability and permanency.

¶12 The juvenile court terminated Mother's parental rights to Child. Mother timely appealed. We have jurisdiction pursuant to A.R.S. sections 8-235, 12-120.21.A.1, and -2101.A.1.

## DISCUSSION

¶13 A parent has a fundamental liberty interest in the "care, custody, and management" of her children. *See Maricopa Cnty. Juv. Action No. JS-6520*, 157 Ariz. 238, 241, 756 P.2d 335, 338 (App. 1988). This right, however, is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 12, 995 P.2d 682, 684 (2000). Pursuant to A.R.S. § 8-533, the juvenile court may terminate the parent-child relationship if it finds that any one of the statutory grounds exists and that termination is in the child's best interests. *See Michael J.*, 196 Ariz. at 249, ¶ 12, 995 P.2d at 685. We do not reweigh the evidence and accept the juvenile court's findings unless no reasonable evidence exists to support them. *Ariz. Dept. of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4, 336 ¶ 14, 100 P.3d 943, 945, 947 (App. 2004).

¶14 Termination of a parent's rights to a child younger than three years of age pursuant to A.R.S. § 8-533.B.8(b) requires the juvenile court find the child has been placed out of the parent's home pursuant to a court order for a total of six months or longer and the parent has "substantially neglected or willfully refused" to remedy the circumstances which caused the child to be in the out-of-home placement. This includes a parent's refusal to "participate in reunification services offered by" ADES. *See* A.R.S. § 8-533.B.8(b).

¶15 Mother concedes Child is under three years of age and has been in an out-of-home placement for more than six months. Mother's contention on appeal is that ADES failed to prove that Mother "substantially neglected or willfully refused[] to remedy the circumstances that caused [Child's] out-of-home placement."

¶16 Severance under A.R.S. § 8-533.B.8(b) is not reserved for only those parents who *completely* neglect remedial services. *Maricopa Cnty. Juvenile Action No. JS-501568,* 177 Ariz. 571, 576, 869 P.2d 1224, 1227 (App. 1994). Parents who only make "sporadic, aborted attempts to remedy" the circumstances may also face severance of their parental relationship. *Id.* at 576-77, 869 P.2d at 1229-30.

¶17 While Mother successfully completed parent aide services, her overall participation in reunification services was sporadic, at best. The record demonstrates Mother made minimal efforts to participate in substance abuse therapy and mental health services. In fact, Mother admitted she did not complete the requirements set forth in the case plan. Furthermore, when asked about her lack of participation, Mother stated she did not believe she had a substance abuse problem and that she did not like attending therapy, and even agreed on cross examination that she had considered the services an inconvenience.

¶18 Mother seems to argue her failure to participate in services is excusable because she became discouraged when ADES requested the juvenile court change the case plan to severance and adoption. In support of this argument, Mother states all she needed was "some positive reinforcement."

¶19 However, we have expressly held that enforcement of A.R.S. § 8-533.B.8 provides parents with an incentive to overcome addiction and assume parental responsibilities as soon as possible. *See J-501568,* 177 Ariz. at 576, 869 P.2d at 1229. Mother does not cite any authority, and we cannot find any, that excuses a parent's lack of participation based upon

discouragement. The record, on the other hand, demonstrates ADES made several attempts to engage Mother in services. Throughout this case, ADES provided Mother with transportation and repeatedly called urging her to engage in services. Mother's case manager also offered to help Mother in applying for Social Security benefits to generate income.

¶20 We find sufficient evidence supports the juvenile court's decision severing Mother's parental relationship to Child under A.R.S. § 8-533.B.8(b). Because sufficient evidence supports severance based upon the length of time of Child's out-of-home placement, we need not discuss the juvenile court's order terminating Mother's rights pursuant to A.R.S. § 8-533.B.3. *See Michael J.*, 196 Ariz. at 251, ¶27, 995 P.2d at 687. Mother does not dispute the court's finding that termination was in Child's best interests; we therefore do not address it.

## CONCLUSION

¶21 For the above stated reasons, we affirm the juvenile court's order terminating Mother's relationship with the Child.



Ruth A. Willingham · Clerk of the Court
FILED: MJT